# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| IN RE: Jennifer Choi ) | Case No. |
| ) | |
| Plaintiff ) | COMPLAINT |
| ) | |
| ) | **Judge:** |
| ) | |
| ) | **Magistrate:** |
| v. ) | July Demand Requested |
| ) | |
| Midland Credit Management, Inc. ) | |
| 2365 Northside Drive; Suite 300 ) | |
| San Diego, CA 92108 ) | |
| ) | |
| Defendant ) | |

Now comes Plaintiff, by and through his attorneys, and, for her Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff, Jennifer Choi , brings this action to secure redress from unlawful collection practices engaged in by Defendant, Midland Credit Management, Inc..  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits any false, misleading or deceptive threats in connection with the collection of a debt 15 U.S.C. Section 1692e

3. The Seventh Circuit Court of Appeals in *McMahon vs. LVNV Funding, LLC et al.*, 744 F.3d 1010 (7th Cir. 2014), has stated that "if the debt collector uses language in its dunning letter that would mislead an unsophisticated consumer into believing that the debt is legally enforceable the collector has violated the FDCPA."  *Id.* at 1020.

4. Recently, the Seventh Circuit Court of Appeals in Pantoja vs. Portfolio Recovery Assocs., LLC, 15-CV-01567, (7th Cir., 2017), stated the FDCPA "prohibits a debt collector from luring debtors away from the

shelter of the statute of limitations without providing an unambiguous warning that an unsophisticated consumer would understand."

5. In that same case: the Seventh Circuit Court of Appeals stated that the warning described in paragraph four, must be "clear, accessible, and unambiguous to the unsophisticated consumer." *Id.*

6. Finally, that same case held: "[S]ience about that significant risk of losing the protection of the statute of limitations renders Portfolio Recovery's dunning letter misleading and deceptive as a matter of law." *Id.*

## **JURISDICTION AND VENUE**

7. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

8. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## **PARTIES**

9. Plaintiff, Jennifer Choi (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

10. Plaintiff's maiden name is Jennifer Sanders and Defendant has it at that.

11. Plaintiff is a resident of the State of Illinois.

12. Defendant, Midland Credit Management, Inc. ("Defendant"), is a California business entity with an address of 2365 Northside Drive, Suite 300, San Diego, CA 92108 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

13. Unless otherwise stated herein, the term "Defendant" shall refer to Midland Credit Management.

14. At some point, the original creditor, transferred this debt to Defendant for debt collection.

## **STANDING**

15. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.
16. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.
17. Specifically, Plaintiff suffered harassment and abuse, from Defendant even though Defendant was aware she had an Attorney for this matter.

## APPLICABLE CASE LAW

18. The Seventh Circuit Court of Appeals in *McMahon vs. LVNV Funding, LLC et al.*, 744 F.3d 1010 (7th Cir. 2014), has stated that "if the debt collector uses language in its dunning letter that would mislead an unsophisticated consumer into believing that the debt is legally enforceable the collector has violated the FDCPA." *Id.* at 1020.
19. The Court in McMahon paid special attention to the word "settle" as a term that would make an unsophisticated consumer believe that (s)he is still legally obligated for the debt. *Id.*
20. Just recently in *Pantoja vs. Portfolio Recovery Assocs., LLC* (7th Cir., 2017), the Court of Appeals stated "[S]ilence about that significant risk of losing the protection of the statute of limitations renders Portfolio Recovery's dunning letter misleading and deceptive as a matter of law."

## ALLEGATIONS

21. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $569.39 (the "Debt") to an original creditor (the "Creditor").
22. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.
23. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).

24. Plaintiff filed for Bankruptcy on January 29, 2021.  See Exhibit A.
25. Defendant had actual knowledge of Plaintiff's Bankruptcy by February 2, 2021.  See Exhibit A.
26. On February 13, 2021, Plaintiff received a collection letter from Defendant.  See Exhibit B.
27. The letter is dated January 30, 2021, but since Plaintiff did not receive this until February 13, 2021, Plaintiff believes this was sent by Defendant on/after February 2, 2021 and after Defendant had actual knowledge that Plaintiff had an Attorney for this matter.
28. The letter opens by stating "Congratulations!  You have been pre-approved for a discount program designed to save you money.  Act now to maximize your savings and put this debt behind you by calling…." See Exhibit B.
29. The "Current Balance" as stated was $569.39.  See Exhibit B.
30. The letter offers payments as low as $50 per month.  See Exhibit B.
31. Said letter also offers "6 Monthly Payments of Only $106.64."  See Exhibit B.
32. Finally, at the end of the letter, it stats "[T]he law limits how long you can be sued on a debt and how long it can appear on your credit report.  Due to the age of this debt, we will not sue you for it.  If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid.  If you make a payment on this debt we will not use the payment to restart the time to sue you for this debt even if the law permits us to do so"  See Exhibit B.
33. The language of this letter and lack of appropriate warning about making a payment on this debt, which would restart the statute of limitations for a lawsuit, is misleading as a matter of law, per the Seventh Circuit Court of Appeals in *Pantoja*.

**VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.**

34. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The Defendant's conduct violated 15 U.S.C. Section 1692c by contacting Plaintiff even though it had actual knowledge that Plaintiff had an Attorney for this matter.
36. The Defendants' conduct violated 15 U.S.C. Section 1692e in that the Defendant materially misled Plaintiff through this communication.
37. Plaintiff is entitled to damages as a result of Defendant's violations.

## JURY DEMAND

38. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

39. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

    Respectfully submitted,
/s/ John Carlin
  John P. Carlin #6277222
  Suburban Legal Group, LLP
  1305 Remington Rd., Ste. C
  Schaumburg, IL 60173
  jcarlin@suburbanlegalgroup.com
  Attorney for Plaintiff